**Leta Gorman**, OSB #984015
E-mail:    leta.gorman@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street
Suite 800
Portland, Oregon  97258
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Shawn Alex Heller**, FSB #46346
Pro Hac Vice, Pending Court Approval
E-mail:    shawn@sjlawcollective.com
Attorneys for Plaintiff Darrell Rogers, Individually,
and on Behalf of All Others Similarly Situated

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| DARRELL ROGERS, individually, and on behalf of all others similarly situated,<br><br>                                       Plaintiff,<br><br>    v.<br><br>BRIXTON CAPITAL, LP,<br><br>                                      Defendant. | Civil No.:<br><br>**TELEPHONE CONSUMER PROTECTION ACT**<br>**47 U.S.C. § 227**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT
and
### JURY DEMAND

This is a class action lawsuit alleging that the Defendant, Brixton Capital, LP, violated the

Telephone Consumer Protection Act and implementing regulations by using an automatic

telephone dialing system ("ATDS") when it sent Plaintiff and the Putative Class text message

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint**
**Page 1**

advertisements without obtaining Prior Express Written Consent.  By sending text message advertisements to Plaintiff and the Putative Class without their Prior Express Written Consent, Defendant invaded the privacy rights and right to seclusion of Plaintiff and the Putative Class. Plaintiff, Darrell Rogers, on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## I. PRELIMINARY STATEMENT

1.     The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, sending text messages using an ATDS, and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation.  Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted text message advertisements sent using an ATDS and robocalls.

2.     Plaintiff, Darrell Rogers, individually and on behalf of all others similarly situated, sues the Defendant for its actions that violated the TCPA and invaded their right to privacy and seclusion, which it benefited from, and which arise from text message advertisements sent to Plaintiff and the Putative Class in order to advertise the commercial availability or quality of products and services, by encouraging Plaintiff and the Putative Class to patronize the Rogue Valley Mall, to patronize stores at the Rogue Valley Mall, to make purchases online for in-store pick-up at the Rogue Valley Mall and/or to offer incentives and inducements to patronize the Rogue Valley Mall, including but not limited to sales, discounts, sweepstakes, contests, giveaways, and special events taking place at the Rogue Valley Mall ("Rogue Valley Mall Text Message Advertisements"), without the requisite Prior Express Written Consent.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 2**

3.      In order for Defendant to establish that it received Prior Express Written Consent, as defined by the FCC, it must prove that it obtained an agreement that satisfies the following strictly construed requirements:

> The written agreement **shall** include a clear and conspicuous **disclosure** informing the person signing that:
>
> > (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory **telemarketing** calls using an **automatic telephone dialing system** or an artificial or prerecorded voice; **and**
> >
> > (B) **The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.**

47 C.F.R. § 64.1200(f)(8)(i) (emphasis added).

4.      The FCC requires "full compliance" with each of the above requirements in order to obtain Prior Express Written Consent to send telemarketing and advertising text messages using an ATDS.  Specifically, the FCC requires the existence an agreement, which includes the mandated disclosures in order to avoid consumer confusion and to ensure that consumers are not sent unwanted Telemarking text messages using an ATDS.

5.      Here, Defendant failed to obtain a written agreement that discloses that Plaintiff and the Putative Class 1) are agreeing to receive Telemarking text messages; 2) are agreeing to receive text messages sent using an ATDS, and (3) are not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement, as a condition of purchasing any property,

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 3**

goods, or services.  Without an agreement with those disclosures, there is no Prior Express Written Consent.

6.      As such, Plaintiff, individually and on behalf of all others similarly situated, sues the Defendant for its actions that violate the TCPA and its implementing regulations and invaded their right to privacy and seclusion, which it benefited from, and which arise from the sending of one or more Rogue Valley Mall Text Message Advertisements using an ATDS to Plaintiff and the Putative Class members, without their Prior Express Written Consent.

## II. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1391.

8.      The Rogue Valley Mall, which is the establishment advertised by the Rogue Valley Mall Text Messages, is located at 1600 N Riverside Ave, Medford, OR 97501, and is owned by Defendant ("Rogue Valley Mall").  As such, this Court has personal jurisdiction over Defendant and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

9.      Plaintiff, Darrell Rogers, owns and maintains a cell phone that was sent Rogue Valley Mall Text Message Advertisements.

10.     Defendant, Brixton Capital, LP, is Delaware Limited Partnership that owns and operates the Rogue Valley Mall.

## IV. GENERAL ALLEGATIONS

11.     On November 18, 2019, Plaintiff visited the Rogue Valley Mall website, which instructed consumers to text "ROGUEVALLEY" to the short code 444222 to join the Rogue Valley Mall Mobile Text Club.  The website did not disclose that they would receive Telemarking

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

Complaint
Page 4

text messages using an ATDS, nor did it inform or disclose that the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement, as a condition of purchasing any property, goods, or services.  As such, by texting the word "ROGUEVALLEY" to the short code 411669, Plaintiff did not provide his Prior Express Written Consent to receive Telemarketing text messages using an ATDS, as defined by 47 C.F.R. 64.1200(f)(8), but instead only provided Defendant with his Prior Express Consent to be sent informational text messages using an ATDS.

12.    In response to Plaintiff's initial text message, Plaintiff received a text message from Defendant with some additional disclosures, but, again, there was no disclosure that Plaintiff would receive Telemarking text messages using an ATDS, nor was there a disclosure that Plaintiff was not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement, as a condition of purchasing any property, goods, or services.  As such, the response text message also did not conform to the requirements of Prior Express Written Consent, as defined by 47 C.F.R. 64.1200(f)(8).

13.    Therefore, Defendant does not have an agreement from Plaintiff and the Putative Class that discloses 1) that they are agreeing to receive Telemarking text messages; 2) that they are agreeing to receive text messages sent using an ATDS, or (3) that the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

14.    As such, Defendant's purported Prior Express Written Consent fails to satisfy the requirements of 47 C.F.R. § 64.1200(f)(8)(i) for three distinct reasons, any one of which alone would be sufficient to establish that Defendant had not fully complied with the FCC's mandates and had failed to obtain Prior Express Written Consent.  By failing to include these required

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint**
**Page 5**

disclosures, Plaintiff and the Putative Class did not execute an agreement that would have constituted Prior Express Written Consent, and therefore, Defendants were not permitted to send Rogue Valley Mall Text Message Advertisements to Plaintiff and the Putative Class using an ATDS.

15.     From November 18, 2019, through April 3, 2020, Plaintiff received thirteen (13) Rogue Valley Mall Text Message Advertisements sent using an ATDS.

16.     During that same time period, Plaintiff was also sent several informational text messages by Defendant, which was consistent with Prior Express Consent that Plaintiff had previously provided Defendants.

17.     On April 3, 2020, Plaintiff texted Defendant "STOP," in order to revoke the Prior Express Consent he had given Defendant previously.

18.     As stated herein, the receipt of the Rogue Valley Mall Text Message Advertisements sent using an ATDS caused Plaintiff concrete, identifiable, and significant injury that is not hypothetical or speculative, because they were sent without Prior Express Written Consent.

19.     Upon information and belief, Defendant or a third party on Defendant's behalf used an ATDS to send the Rogue Valley Mall Text Message Advertisements to Plaintiff and other persons and entities.

20.     Upon information and belief, the ATDS used to send the Rogue Valley Mall Text Message Advertisements has the present capacity to 1) store numbers and send text messages to those numbers automatically; 2) store numbers that were generated elsewhere and send text messages to those numbers automatically; 3) send text messages to random and/or sequential numbers; and 4) send text messages without human intervention, among other things.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 6**

21.     Upon information and belief, the ATDS used to send the Rogue Valley Mall Text Message Advertisements relies on equipment that has the ability to generate and store random and sequential numbers that can send text messages automatically without human intervention.

22.     Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a), text messages that are telemarketing or advertisements may not be sent to persons or entities without obtaining Prior Express Written Consent of the recipient.

23.     However, Defendant, or a third party on Defendant's behalf, sent the Rogue Valley Mall Text Message Advertisements despite not obtaining Plaintiff's Prior Express Written Consent.

24.     Specifically, Defendant failed to obtain an agreement with Plaintiff and the Putative Class disclosing that Plaintiff and the Putative Class were agreeing to the receipt of Telemarking text messages using an ATDS and that they were not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services

25.     Accordingly, Defendants sent the Rogue Valley Mall Text Message Advertisements without obtaining Plaintiff's and the Putative Class's Prior Express Written Consent to send the Rogue Valley Mall Text Message Advertisements using an ATDS.

26.     These actions violate the TCPA and are an invasion of privacy and right to seclusion.

27.     By sending the Rogue Valley Mall Text Message Advertisements using an ATDS and without Prior Express Written Consent, Defendant harmed Plaintiff and the members of the Putative Class by: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing interruption, distraction, and frustration during significant and important activities and

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 7**

tasks; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction.

## V. CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

29.    Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Putative Class") defined as:

> "All persons whose telephone numbers, which were assigned to a cellular phone service, were sent one or more Rogue Valley Mall Text Message Advertisements using an ATDS on or after August 11, 2016, after texting "ROGUEVALLEY" to the short code 444222"

30.    Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

31.    Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the class.  Common material questions of fact and law include, but are not limited to, the following:

a.    whether Defendant (or another on its behalf) used an ATDS to send the Rogue Valley Mall Text Message Advertisements to Plaintiff and other members of the Putative Class;

b.    whether the Rogue Valley Mall Text Message Advertisements constitute Advertisements;

c.    whether the Rogue Valley Mall Text Message Advertisements constitute

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 8**

Telemarking;

      d.    whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) an ATDS to send Rogue Valley Mall Text Message Advertisements to Plaintiff and the Putative Class without obtaining their Prior Express Written Consent;

      e.    whether Plaintiff and the other members of the class are entitled to statutory damages; and

      f.    whether Plaintiff and the other members of the class are entitled to treble damages.

      32.    <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the class.  Plaintiff alleges that Defendant sent the same Rogue Valley Mall Text Message Advertisements to Plaintiff and the other class members.  Plaintiff raises questions of fact and law common to the class members.  They share the common injuries of: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing interruption, distraction, and frustration during significant and important activities and tasks; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction.  Defendant has acted the same or in a similar manner with respect to each class member.

      33.    <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class members.  Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members.  Plaintiff has a strong personal interest in the outcome of this action and has

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 9**

retained experienced class counsel to represent his and the other class members.

34.    Class Counsel is experienced in class action litigation and has successfully litigated class claims.

35.    <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.    proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b.    evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of their agents who sent the Rogue Valley Mall Text Message Advertisements) and will not require individualized or separate inquiries or proceedings;

c.    Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Rogue Valley Mall Text Message Advertisements to Plaintiff and the class members;

d.    the amount likely to be recovered by individual class members does not support individual litigation;

e.    a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.    this case is inherently manageable as a class action in that:

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 10**

i.    Defendant or its agent(s) identified the persons or entities to send the Rogue Valley Mall Text Message Advertisements to and it is believed that Defendant's computer and business records, or those of their agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

ii.    liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

iii.    statutory damages for violations of the TCPA are the same for each class member;

iv.    a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v.    a class action will contribute to uniformity of decisions concerning Defendants' practices; and

vi.    as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

## COUNT 1

## CLAIM FOR RELIEF FOR VIOLATIONS OF THE TCPA

36.    Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 35, above.

37.    Plaintiff brings this action against the Defendant for sending Rogue Valley Mall Text Message Advertisements to himself and to members of the Putative Class in violation of the TCPA and its implementing regulations.

38.    Defendant violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the sending of the Rogue Valley Mall Text Message

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 11**

Advertisements to the phone numbers of Plaintiff and the members of the Putative Class without receiving Prior Express Written Consent.

39.    The named Plaintiff and members of the Putative Class are entitled to $1,500 for each of the Rogue Valley Mall Text Message Advertisements that violated 47 C.F.R. § 64.1200(a) and that was sent to them willfully or knowingly.

40.    In the alternative, the named Plaintiff and members of the Putative Class are entitled to $500 for each of the Rogue Valley Mall Text Message Advertisements that violated 47 C.F.R. § 64.1200(a) and that was negligently sent to them.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants and requests an order:

A.    certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Darrell Rogers as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;

B.    finding that Defendant caused the Rogue Valley Mall Text Message Advertisements to be sent to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C.    finding that Defendant is liable to pay statutory damages of $1,500 for each of the Rogue Valley Mall Text Message Advertisements that violated 47 C.F.R. § 64.1200(a) and that was knowingly and willfully sent to Plaintiff and each class member;

D.    finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each of the Rogue Valley Mall Text Message Advertisements that violated 47 C.F.R. § 64.1200(a) and that was negligently sent to Plaintiff and to each class member;

E.    entering a judgment in favor of the Plaintiff as representative of the members of the

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint
Page 12**

class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F.      requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G.      awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H.      granting such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

DATED:  August 11, 2020

                              BULLIVANT HOUSER BAILEY PC


                              By   *s/ Leta Gorman*
                                   **Leta Gorman, OSB #984015**
                                   **E-mail:   leta.gorman@bullivant.com**
                                   **Shawn Alex Heller, FSB #46346**
                                   **E-mail:   shawn@sjlawcollective.com**
                                   Telephone: 503.228.6351
                                   Attorneys for Plaintiff Darrell Rogers,
                                   Individually, and on Behalf of All Others
                                   Similarly Situated

**Bullivant|Houser|Bailey PC**

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**Complaint**
**Page 13**